# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION (Columbus)

**HANNAH CUNNINGHAM AND**
**NANCY CARL,**

    **Plaintiffs,**

        **Civil Action: 2:22-CV-3331**

 **v.**

**TransUnion, LLC,**
**Experian Information Solutions, Inc.,**
**Equifax Information Services, LLC,**
**National Credit Systems, Inc.,**
**and Breckenridge Group Corpus Christi, LP**
**dba Aspen Heights of Corpus Christi,**

    **Defendants.**

## COMPLAINT

 Now come the Plaintiffs, by counsel and for their complaint against the Defendants state as follows:

## STATEMENT OF FACTS

 1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. (Federal Fair Credit Reporting Act), and for the common law tort of defamation.

 2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1367.

 3. That the Plaintiff, Hannah M. Cunningham, is a resident of Washington County, Ohio with an address of 530 8th Street, Belpre, OH.

4. That the Plaintiff, Nancy Carl, is a resident of Washington County, Ohio with an address of 530 8th Street, Belpre, OH.

5. That both Plaintiffs are consumers withing the meaning of 15 U.S.C § 1681a(c).

6. Upon information and belief, the Defendant, TransUnion, LLC (herein "TransUnion"), is a corporation having its principal offices in a state other than Ohio, and which does business in Ohio.

7. Upon further information and belief, TransUnion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Upon information and belief, TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

8. Upon information and belief, TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

9. Upon information and belief, the Defendant, Experian Information Solutions, Inc. (herein "Experian"), is a corporation having its principal offices in a state other than Ohio, and which does business in Ohio.

10. Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Upon further information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

11. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

12. Upon information and belief, the Defendant, Equifax Information Services, LLC (herein "Equifax"), is a corporation having its principal offices in a state other than Ohio, and which does business in Ohio.

13. Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Upon further information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

14. Upon information and belief, National Credit Systems, Inc. (herein "National Credit"), is a corporation having its principal place of business in a state other than Ohio, but which collects debts from Ohio residents.

15. Upon information and belief, National Credit is a furnisher of information to consumer reporting agencies as part of its debt collection activities.

16. Upon information and belief, Breckenridge Group Corpus Christi, LP dba Aspen Heights of Corpus Christi (hereinafter Aspen Heights), is a Limited Partnership having its principal place of business in a state other than Ohio.

17. Upon information and belief Aspen Heights of Corpus Christi is engaged in the business of leasing apartments to consumers.

18. Upon information and belief, at all times relevant hereto, Aspen Heights hired National Credit Systems Inc. to collect a debt allegedly owed by the Plaintiffs, and otherwise authorized and/or ratified the actions of National Credit Systems Inc. as further detailed herein.

19. That in May 2020 the Plaintiff, Hannah Cunningham, applied for a lease with the defendant, Aspen Heights, for an apartment in Corpus Christi, Texas. The lease was to be for the

term of August 15, 2020, to July 31, 2021, and was for a three-bedroom apartment that would be shared with two other roommates. The monthly rent was $630.

20. The Defendant, Aspen Heights, required the Plaintiff to have a cosigner on the lease and therefore the Plaintiff, Nancy Carl, was requested to cosign for the lease, although no electronic signature has been disclosed in response to any disputes.

21. That according to the electronic signatures, the Plaintiff, Hannah Cunningham, signed the lease on May 4, 2020, at approximately 5:25 PM while the manager for the Defendant, Aspen Heights, apparently signed on May 7, 2020. A copy of the signatures is attached hereto as Exhibit "A".

22. The Plaintiff, Nancy Carl, then received an adverse action emailed letter dated May 7, 2020, informing her of issues with her consumer file. A copy of said letter is attached hereto as Exhibit "B".

23. By email dated May 7, 2020, the Plaintiff, Nancy Carl, was informed that the residency application with the Defendant, Aspen Heights, was approved but only with the conditions that either a guarantor was added; the lease was paid in full; or additional deposits were made. A copy of said email is attached hereto as Exhibit "C".

24. That as a result of these conditions the Plaintiff, Hannah Cunningham, decided not to proceed further with the lease arrangement. The Defendant, Aspen Heights, told the Plaintiff they would try to re-lease her bedroom and upon information and belief they were able to do so.

25. That despite no finalization of the lease agreement (and no lost lease revenue if re-leased), the Defendant, Aspen Heights, demanded full payment of the lease.

26. That the Defendant, Aspen Heights, then referred collection of the alleged lease debt to Defendant, National Credit, for pursuit of the alleged monies owed.

27. When the Plaintiffs refused to pay, National Credit reported to the three Defendant credit bureaus that the Plaintiffs were delinquent in the payment of the alleged lease debt for the entire period in the amount of $8,080.00.

28. That accordingly by letters dated December 30, 2021, both Plaintiffs wrote to all three Defendant credit bureaus, with copies to Aspen Heights and National Credit, disputing the debt owed and requesting it be deleted from their consumer reports. Copies of these letter are attached hereto as Exhibit "D".

29. That in the letters, both Plaintiffs specifically referenced the fact that no lease agreement was ever finalized as conditions were put on the Plaintiffs that they could not fulfill and otherwise would not agree to.

30. That in spite of Plaintiffs' disputes, all Defendants refused to correct the erroneous information on the Plaintiffs' consumer reports.

31. That, accordingly, by letters dated April 19, 2022, the Plaintiffs once again wrote to all three Defendant credit bureaus, with copies to Aspen Heights and National Credit, once again disputing the debt owed and requesting it be deleted from their consumer reports.  Copies of these letters are attached hereto as Exhibit "E".

32. That despite the Plaintiffs' second series of disputes, all Defendants refused to correct the erroneous information on the Plaintiffs' consumer reports.

33. That among other damages as described below, the Plaintiff, Hannah Cunningham, was denied multiple applications for a private student loan even with Plaintiff Nancy Carl as co-signer. A copy of the denial letters are attached as Exhibit "F".

## COUNT I

### VIOLATIONS OF THE FEDERAL FAIR CREDIT REPORTING ACT AS TO EXPERIAN INFORMATION SOLUTIONS, TRANSUNION, LLC, AND EQUIFAX INFORMATION SERVICES, LLC

34. The Plaintiffs incorporate the previous and following paragraphs as if fully set forth herein.

35. Experian, TransUnion, and Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiffs.

36. As a result of this conduct, action and inaction of Experian, TransUnion, and Equifax the Plaintiffs suffered damages by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

37. Experian, TransUnion, and Equifax's conduct, action and inaction was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling the Plaintiffs to recover under 15 U.S.C. 1681o.

38. The Plaintiffs are entitled to recover costs and attorney's fees from Experian, TransUnion, and Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II

### DEFAMATION AS TO EXPERIAN INFORMATION SOLUTIONS, LLC, TRANSUNION, LLC, AND EQUIFAX INFORMATION SERVICES, LLC

39. The Plaintiffs incorporate the previous and following paragraphs as if fully set forth herein.

40. Experian, TransUnion, and Equifax violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit file; and by relying upon verification from a source it has reason to know is unreliable.

41. As a result of this conduct, action and inaction of Experian, TransUnion, and Equifax, the Plaintiffs suffered damages by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

42. Experian, TransUnion, and Equifax's conduct, action and inaction was willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

43. The Plaintiffs are entitled to recover costs and attorney's fees from Experian, TransUnion, and Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT III

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT AS TO NATIONAL CREDIT AND ASPEN HEIGHTS

44. The Plaintiffs incorporate the previous and following paragraphs as if fully set forth herein.

45. National Credit and Aspen Heights violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to report the National Credit erroneous information within

7

Plaintiffs' credit file with Equifax, Experian and Trans Union without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiffs' dispute of the National Credit representation; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax, Experian and Trans Union; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the National Credit representations to the consumer reporting agencies.

46. As a result of this conduct, action and inaction by National Credit and Aspen Heights, the Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

47. National Credit and Aspen Height's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

48. The Plaintiffs are entitled to recover costs and attorney's fees from National Credit in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT IV

## DEFAMATION AS TO NATIONAL CREDIT AND ASPEN HEIGHTS

49. The Plaintiffs incorporate the previous and following paragraphs as if fully set forth herein.

50. National Credit and Aspen Heights published the National Credit representations to Equifax, Experian and Trans Union and through Equifax, Experian and Trans Union to all of

8

Plaintiffs' potential lenders on multiple occasions.

51. The Defamation was willful and with malice. Neither National Credit nor Aspen Heights had reasonable basis to believe that the Plaintiffs were responsible for the amount of money reported in the National Credit representation alleged in this complaint.

52. As a result of this conduct, action and inaction of National Credit and Aspen Heights, the Plaintiffs' suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

53. The defamation, conduct and actions of National Credit and Aspen Heights were willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiffs such as to justify an award of punitive damages against National Credit and Aspen Heights in an amount to be determined by the Court.

## COUNT V

### JOINT VENTURE AS TO NATIONAL CREDIT AND ASPEN HEIGHTS

54. The Plaintiffs incorporate the previous and following paragraphs as if fully set forth herein.

55. The Defendants have a common interest; that is, Aspen Heights crafted the lease agreement and created the unjust debt obligation, National Credit then collects on the debt obligation, including by defaming the Plaintiffs on the Defendants behalf via reporting the unjust debt to the credit bureaus.

56. All of the Defendants have joint control and venture.

57. All of the Defendants had a joint proprietary interest in getting the Plaintiffs to pay for the lease agreement that she could not utilize, including the decision to jointly defame the

Plaintiffs.

58. All of the Defendants shared in the profits of the joint venture.

59. Plaintiffs were damaged as a result of the Defendants' joint venture and suffered, and continue to suffer, significant emotional distress, humiliation, fear, concern, worry, indignation, loss of credit, and other harm.

60. The Plaintiffs are entitled to recover actual, consequential, and punitive damages for the Defendants joint venture to defame the Plaintiffs.

**DEMAND FOR RELIEF**

Plaintiffs demand from the Defendants:

a. Actual damages for the violations of the FCRA as authorized by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o for all such violations that occurred up to the date and time of the filing of this complaint;

b. Statutory damages in the maximum amount authorized by 15 U.S.C. § 1681n and 15 U.S.C. § 1681o for all such violations that occurred up to the date and time of the filing of this complaint;

c. Plaintiffs' cost of litigation, including attorney fees, court costs and fees, pursuant to 15 U.S.C. § 1681n and § 1681o;

d. The Plaintiffs be awarded general and, where allowed, punitive damages for the Defendants' actions.

e. The Plaintiffs be granted injunctive relief ordering the Defendants to correct the entries to their credit reports to reflect accurate information;

  f. Such other relief as the Court shall deem just and proper under the attendant circumstances.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE**

**/s/ John N. Ellem**
John N. Ellem, Esq. (WV Bar #6027)
Ellem Law Office
P.O. Box 322
Parkersburg, West Virginia 26102-0322
T: (304) 424-5297
F: (304) 865-1585
E: john@ellemlawoffice.com

Benjamin M. Sheridan (WV Bar #11296)
Klein & Sheridan, LC
3566 Teays Valley Rd.
Hurricane, WV 25526
T: (304) 562-7111
F: (304) 562-7115
E: ben@kleinsheridan.com